## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

**FILED**

**MAR 2 8 2008**

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : |
| FIRST GROWTH CAPITAL, INC., | : |
| Defendant. | : |

Civil Action No.
5:07-CV-442 (CAR)

Case: 1:08-mc-00175
Assigned To : Unassigned
Assign. Date : 3/31/2008
Description: Miscellaneous

## ORDER APPOINTING SBA AS RECEIVER OF DEFENDANT FIRST GROWTH

## CAPITAL, INC.

This cause came upon the Motion of the United States of America on behalf of its agency,

the United States Small Business Administration ("SBA"), for injunctive relief and for the

appointment of SBA as receiver of First Growth Capital, Inc. ("First Growth"). After careful

consideration,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court determines and adjudicates that First Growth is in violation of 15 U.S.C.

§683(c) and 13 CFR § 107.205 by virtue of its default as alleged in the Complaint filed in the

instant action.

2. The Court further determines that First Growth and its managers have had ample time to

cure its default or develop a reasonable plan for the repayment of its debts. Because First Growth

has been unable to do so and offers nothing more than a plea for the Court to endorse the status quo,

the Court finds that SBA is entitled to the relief requested in its complaint.

3.Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction

of First Growth Capital, Inc. and all of its assets and property, of whatever kind and wherever



located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of First Growth ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of First Growth's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

4. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of First Growth under applicable state and federal law, by the Agreement of Limited Partnership, and Charter and/or By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of First Growth are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to First Growth operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of First Growth and shall pursue and preserve all of its claims.

5. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to First Growth. The past and/or present officers, managers, management company, officers, directors, agents, trustees, attorneys, accountants, and employees of First Growth, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to First Growth and all of First Growth's assets and all other assets and property of the limited partnership, whether real or personal. The former officers of First Growth shall furnish a written statement within five (5)

2

days after the entry of this Order, listing the identity, location and estimated value of all assets of First Growth, a list of all agents, employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of First Growth, as well as the names, addresses and amounts of claims of all known creditors of First Growth. Within thirty (30) days following the entry of this Order, the former officers of First Growth shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of First Growth are hereby directed to turn such assets and property over to the Receiver.

6. The Receiver shall promptly give notice of its appointment to all known officers, managers, management companies, officers, directors, agents, employees, shareholders, creditors, debtors, and limited partners of First Growth, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to First Growth shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if First Growth had received such payments.

7. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of First Growth, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by

3

the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

8. First Growth's past and/or present managers, management companies, officers, directors, agents, attorneys, shareholders, employees, accountants, debtors, creditors, managers, limited partners and any other appropriate persons or entities(including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to First Growth. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

9. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for First Growth, First Growth or any assets of First Growth, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of First Growth's past or present officers, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party

plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding or from taking any action in connection with any such proceeding or any such asset.

10. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Receiver for First Growth, First Growth or any assets of First Growth, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or any of First Growth's past or present officers, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

11. First Growth and its past and/or present general partners, managers, management companies, directors, officers, limited partners, agents, employees or other persons or entities acting in concert or participating therewith are hereby prohibited and enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would (a) dissipate the assets and/or property of First Growth to the detriment of First Growth or of the Receiver appointed in this cause, including, but not limited to, destruction of corporate records, or (b) violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

12. The Receiver is authorized to borrow on behalf of First Growth, from the SBA, up to $100,000 and is authorized to cause First Growth to issue Receiver's Certificates of Indebtedness in

the principal amounts of the sums borrowed, which certificates will bear interest at or about 10

percent per annum and will have a maturity date no later than 18 months after the date of issue. Said

Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of

First Growth, excluding administrative expenses of the Receivership, whether currently existing or

hereinafter incurred, including without limitation any claims of general or limited partners of First

Growth.

**SO ORDERED** this 11th day of March, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SCS/ssh

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| FIRST GROWTH CAPITAL, INC., | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES NOW the United States of America, Plaintiff, by and through the United States Attorney for the Middle District of Georgia, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2.      Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3.      Defendant, First Growth Capital, Inc. (hereinafter, "First Growth" or "Defendant"), is a Georgia corporation having filed its Articles of Incorporation with the Secretary of State of the State of Georgia on or about January 31, 1989. Defendant

08-175

**FILED**

**MAR 2 8 2008**

Clerk, U.S. District and
Bankruptcy Courts

currently maintains its principal place of business at 951 Hwy 42N, Forsyth, Georgia, a

place within the Middle District of Georgia, therefore venue is proper under 15 U.S.C. §§

687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

4.     Defendant was licensed by SBA as a specialized small business investment

company ("SBIC") on or about December 13, 1989, SBA License No. 04/04-5251, under

Section 301(d) of the Small Business Investment Act, 15 U.S.C. § 681(d), solely to do

business under the provisions of the Act and the regulations promulgated thereunder.

5.     Defendant's Articles of Incorporation, as amended, expressly provide that

Defendant was organized solely for the purpose of operating under the Act and subject to

regulations issued by SBA thereunder.

6.     Section 308(c) of the Act, 15 U.S.C. § 687c, authorizes SBA to prescribe

regulations to carry out the provisions of the Act and to govern the operations of an SBIC.

The SBA has duly promulgated regulations implementing the Act, which are codified at Title

13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7.     Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon

determination and adjudication of noncompliance or violation of the Act or the Regulations,

all of the rights, privileges and franchises of a licensee may be forfeited and the company

may be declared dissolved.

8.     Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination

by SBA that a licensee, or any other person, has engaged in any acts or practices which

constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated

pursuant to the Act, or of any order issued under the Act, then SBA may make application

for an injunction with the appropriate federal district court which shall grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in such acts or practices. The Court may also appoint SBA to act as receiver for such licensee.

9.      On or about December 17, 1991, in accordance with Section 303 of the Act, 15 U.S.C. § 683b, SBA provided financing to Defendant in the principal sum of $1,100,000.00 through the purchase and/or guaranty of a subordinated debenture ("the Debenture") issued by Defendant, identified as Loan No. 08002000-10. The Debenture has been paid in full.

10.      On or about June 24, 1992, in accordance with Section 303 of the Act, 15 U.S.C. § 683b, SBA provided further financing to Defendant in the principal sum of $800,000.00 through the purchase and/or guaranty of a subordinated debenture ("the Debenture") issued by Defendant, identified as Loan No. 08002000-08. The Debenture has been paid in full.

11.      On or about July 18, 1991, in accordance with Section 303 of the Act, 15 U.S.C. § 683c, SBA provided financing to Defendant by purchasing and/or guarantying $1,045,000.00 of Preferred Securities issued by Defendant, identified as Loan No. 09001200-07.

12.      In accordance with Section 683c (5)(B) of the Act, which provided that Preferred Securities include a provision requiring the issuer to redeem such securities, including any accrued and unpaid dividends, 15 years from the date of issuance, Defendant's Preferred Securities have a mandatory redemption, or maturity, date of July 2, 2006.

13.     Section 107.1820 of the Regulations, 13 C.F.R. § 107.1820 (2007), provides that Preferred Securities issued before April 25, 1994 are governed by the remedies as listed in the Regulations that are in effect at the time of their issuance.  Consequently, the remedies in effect in 1991 govern Defendant's Preferred Securities.

14.     Section    107.205(b)(3)(ii)    of    the    Regulations,    13    C.F.R.    § 107.205(b)(3)(ii)(1991) provides that Preferred Securities purchased by SBA on or after November 21, 1989 shall be redeemed by the issuer not later than fifteen years from the date of issuance, at a price not less than the par value, plus any unpaid dividends accrued to the redemption date.

15.     By letter dated September 13, 2006, SBA's Office of SBIC Operations made demand upon Defendant for payment of principal and accrued interest due and owing on the Preferred Securities that had matured on or about July 2, 2006.  Payment in full was demanded within fifteen (15) days of the date of the letter.

16.     Defendant failed to pay the Preferred Stock and failed to honor the terms of the Preferred Securities and was subsequently transferred to SBA's Office of Liquidation.

17.     By letter dated November 20, 2006, SBA's Office of Liquidation made demand upon Defendant for payment of the amount due and owing under the Preferred Security that had matured on or about July 2, 2006 no later than fifteen (15) days from the date of the letter.

18.     Defendant again failed to pay the Preferred Stock and failed to honor the terms of the Preferred Securities and remains in default of the relevant provisions of the Act, Regulations and the Preferred Securities instrument.

19.     As of September 30, 2007, the total past due amount owed to SBA under Defendant's matured Preferred Securities is $1,722,732.60, consisting of $1,045,000 in principal and $677,732.60 in dividends.

### COUNT ONE
### DEFAULT IN PAYMENT OF INDEBTEDNESS

20.     Paragraphs 1 through 19 are incorporated by reference as though set forth in their entirety herein.

21.     Section 107.205(b)(3)(ii) of the Regulations, 13 C.F.R. § 107.205(b)(3)(ii)(1991) provides that Preferred Securities purchased by SBA on or after November 21, 1989 shall be redeemed by the issuer not later than fifteen years from the date of issuance, at a price not less than the par value, plus any unpaid dividends accrued to the redemption date.

22.     Defendant's Preferred Securities, including unpaid accrued dividends, have a mandatory redemption date of July 2, 2006, having been issued on or about July 18, 1991. Thus, Defendant's Preferred Securities plus dividends have matured and are immediately due and owing.

23.     By letters dated September 13, 2006 and November 20, 2006, SBA made demand upon Defendant for payment in full of the outstanding Preferred Securities Leverage and accrued dividends thereunder.

24.     To date, no payment has been received and the entire amount of Defendant's indebtedness to SBA under the Preferred Securities Instrument, including principal and dividends, is still outstanding.

25.     As of September 30, 2007, Defendant is indebted to SBA for the total sum of $1,722,732.60, including principal of $1,045,000 and accrued dividends of $677,732.60, plus a daily dividend accrual of $114.52.

26.     As a consequence of Defendant's failure to honor the terms of its Preferred Securities and Defendant's failure to comply with the Act and Regulations, SBA has been damaged, and continues to be damaged, in the amount of $1,722,732.60 as of September 30, 2007.

### COUNT TWO
### CAPITAL IMPAIRMENT

27.     Paragraphs 1 through 26 are incorporated by reference as though set forth in their entirety herein.

28.     Section 107.203(b) of the Regulations, 13 C.F.R. § 107.203(b) (1991), which governs the preferred securities purchased from Defendant in July, 1991, provides that the entire indebtedness, and/or the principal amount, of an SBIC's preferred securities may be declared due and payable on the happening of certain events of default, as described in that regulation.

29.     Section 107.203(d) of the Regulations, 13 C.F.R. § 107.203(d) (1991) provides that a condition of capital impairment is an event of default. This section further provides that a Section 301(d) Licensee, such as Defendant, has a condition of Capital Impairment if its capital impairment percentage is greater than 75.

30.     Based upon a Statement of Financial Position, SBA Form 468, provided to SBA by Defendant, SBA determined that, as of March 31, 2007, Defendant was over 100% capitally impaired.

31.     By letter dated August 30, 2007, SBA informed Defendant that, as of that date, First Growth's capital impairment percentage was 104.09%.  Defendant was notified that the capital impairment percentage constituted an event of default that had to be within 15 days from the date of the letter.

32.     To date, Defendant has failed to remit any payments to SBA under the Preferred Securities instrument and remains capitally impaired in violation of 13 C.F.R. 107.203 (b),(d) (1991).

33.     As of September 30, 2007, the total past due amount owed to SBA under Defendant's matured Preferred Securities is $1,722,732.60, consisting of $1,045,000 in principal and $677,732.60 in dividends.

**WHEREFORE**, Plaintiff prays as follows:

A.     That permanent injunctive relief be granted restraining First Growth Capital, Inc., its officers, agents, managers, employees, financial managers, and other persons acting on its behalf, in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of First Growth, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B.     That this Court determine and adjudicate First Growth Capital Inc.'s noncompliance with, and violation of, the Act and the Regulations promulgated thereunder;

C.     That this Court take exclusive jurisdiction of First Growth and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of First Growth for the purpose of liquidating all of First Growth's assets and satisfying the claims of creditors

therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to First Growth against third parties, as appropriate;

D.     That this Court render Judgment in favor of SBA and against First Growth in the amount of $1,722,732.60, consisting of $1,045,000 in principal and $677,732.60 in dividends as of September 30, 2007, with a daily dividend accrual of $114.52, up until the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered;

E.     That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted, this November 19 , 2007.

MAXWELL WOOD
UNITED STATES ATTORNEY


By:     s/DONALD L. JOHSTONO
Assistant United States Attorney
Georgia Bar No. 397015
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202
Telephone: 478-621-2700
Facsimile: 478-621-2712



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR FIRST GROWTH CAPITAL, INC.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

WRITER'S DIRECT TELEPHONE: (202) 205-7514                                FAX NUMBER: (202) 205-6957

March 19, 2008

Ms. Nancy Mayer-Whittington, Clerk of the Court          VIA UPS 2ND DAY DELIVERY
U.S. District Court, District of Columbia
333 Constitution Avenue, N.W., Rm. 1834
Washington, DC 20001-2802

Re:    United States of America v. First Growth Capital, Inc.
       Civil Action No. 5:07-cv-442 (CAR)

Dear Ms. Mayer-Whittington:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the
District of Middle Georgia, Macon Division, has taken exclusive jurisdiction of First Growth
Capital, Inc. ("First Growth") and the assets thereof, and has appointed the U.S. Small Business
Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of First Growth may be located in your jurisdiction.  We therefore are
enclosing for filing, copies of the Complaint and Order establishing the Receivership, as required
by 28 U.S.C. § 754.  Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for First Growth, stayed all
legal proceedings involving First Growth, and prohibited the filing of any actions against the
Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to First
Growth are pending.   Should the Receiver learn of relevant legal proceedings within the
jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp
file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By:      Michele Long Pittman
        Michele L. Pittman
        Chief, Corporate Liquidation and Receivership Operations
        Office of Liquidation